# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| PETER BROWN, | DOCKET NUMBER |
| Appellant, | CH-0831-14-0182-I-1 |
| v. | |
| OFFICE OF PERSONNEL | DATE: September 30, 2014 |
| MANAGEMENT, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stephen T. Fieweger, Moline, Illinois, for the appellant.

Cynthia Reinhold, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM).  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2　　The appellant, who was employed by the federal government under the Civil Service Retirement System (CSRS), was divorced from his former spouse in 1997. *See* Initial Appeal File (IAF), Tab 6 at 9-16 (divorce decree). In conjunction with the divorce decree, the court entered a Qualified Domestic Relations Order (QDRO) providing that the appellant's former spouse would be entitled to a portion of his retirement benefits and to be treated as a surviving spouse if the appellant predeceased her. *Id.* at 18-21. Upon his retirement, the appellant began receiving annuity payments on September 4, 2011; however, OPM erroneously omitted the former spouse apportionment. *Id.* at 5, 25, 40. In 2013, OPM corrected the omission and notified the appellant that, pursuant to the QDRO, his former spouse was entitled to a retroactive apportionment, monthly annuity payment, and former spouse survivor annuity benefits if he predeceased her. *Id.* at 25. The appellant requested reconsideration of OPM's findings related to the court-ordered apportionment and former spouse survivor annuity benefit. *See id.* at 5. OPM affirmed its initial decision, *id.* at 5-8, and the appellant filed an appeal of the reconsideration decision to the Board, IAF, Tab 1.

¶3        On appeal, the appellant argued that OPM erroneously decided that his former spouse was entitled to receive a surviving spouse annuity award.[2] IAF, Tab 1 at 5. The appellant did not request a hearing, IAF, Tab 1 at 2, and a decision was rendered on the written record, IAF, Tab 13, Initial Decision (ID).[3] In the initial decision, the administrative judge affirmed OPM's reconsideration decision, finding that the QDRO was acceptable for processing under OPM's regulations; that the QDRO expressly accorded the appellant's former spouse treatment as a surviving spouse to the extent of her interest in the appellant's CSRS retirement benefits; and that OPM correctly determined that the former spouse was entitled to surviving spouse annuity benefits in the event that the appellant predeceased her. ID at 9.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4        The appellant subsequently filed a petition for review of the initial decision, in which he argues that the administrative judge failed to apply the appropriate regulation and improperly found the QDRO to be enforceable because his former spouse has not applied for survivor benefits pursuant to 5 C.F.R. § 838.221(a).[4] Petition for Review (PFR) File, Tab 1 at 4. The agency responded that the former spouse provided the agency with her current address and a certified copy of the document awarding her a portion of the former spouse survivor annuity in 2000 and that such correspondence satisfied the requirements of section 838.721(a).

---

[2] The appellant did not challenge his former spouse's entitlement to an apportionment of his life annuity. *See* IAF, Tab 12 at 1.

[3] The administrative judge notified the former spouse of her right to participate in the appeal as an intervenor, IAF, Tab 8, but she did not respond or participate in the appeal, *see* IAF, Tab 10. Accordingly, she is not a party to this matter, and her designation as such in the case caption has been removed.

[4] Section 838.221(a) governs the application requirements for a former spouse to be eligible for a court-awarded portion of an employee annuity. 5 C.F.R. § 838.221(a). As the appellant's challenge here pertains to a former spouse survivor annuity, the correct regulation is 5 C.F.R. § 838.721(a), which governs the requirements for a former spouse to apply for a former spouse survivor annuity based on a court order acceptable for processing. 5 C.F.R. § 838.721.

PFR File, Tab 4 at 5. On review, we find that the appellant's argument is without merit, regardless of whether the former spouse has already complied with her application requirements.

¶5         The former spouse of a retired federal employee is entitled to a survivor annuity if one is expressly provided for in the terms of any divorce decree or in any court order issued in connection with the divorce decree. 5 U.S.C. § 8341(h)(1). In order to fund a survivor annuity for a former spouse, the retiree receives a reduced annuity during his lifetime. 5 U.S.C. § 8339(j). Payment of a survivor annuity to the former spouse will commence in accordance with the terms of the court order, but no earlier than the later of the first day after the date of death of the employee or retiree, or the first day of the second month after OPM receives a copy of the court order acceptable for processing. 5 C.F.R. § 838.731(a)(1)-(2). OPM will not authorize payment of the former spouse survivor annuity until it receives an application and supporting documentation required under 5 C.F.R. § 838.721. 5 C.F.R. § 838.731(b).

¶6         The appellant's argument that his former spouse must have already submitted an application to OPM to be entitled to survivor annuity benefits and/or for the QDRO to be enforceable is not supported by a plain reading of the applicable regulations. Contrary to the appellant's contention, the former spouse need not submit any application to OPM until such time as the appellant predeceases her and she seeks to collect the former spouse survivor annuity payments. *See* 5 C.F.R. §§ 838.721, 838.731. As the appellant is still living, it is irrelevant whether the former spouse has already submitted an application to OPM pursuant to section 838.721(a)  and it has no effect on her future interest in the survivor annuity, OPM's obligation to fund the survivor annuity by reducing the appellant's annuity payments, or the enforceability of the QDRO. *See* 5 C.F.R. §§ 838.721, 838.731; *see also* 5 U.S.C. § 8339(j).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.